**Salvador Silva LOZA, aka Salvador Silvaloza, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14–71928

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 **

OCTOBER 3, 2017

Roger H. Ponce, Esquire, Counsel, The Law Office of Roger H. Ponce, Los Angeles, CA, for Petitioner.

*See* Fed. R. App. P. 34(a)(2).

---

** The panel unanimously concludes this case is suitable for decision without oral argument.

Kristen Giuffreda Chapman, Trial, Laura Halliday Hickein, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Salvador Silva Loza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Silva Loza's request for a further continuance for failure to show good cause. *See* 8 C.F.R. § 1003.29. Silva Loza conceded removability, post-conviction relief remained speculative at the time of his final hearing, and petitioner could continue to pursue post-conviction relief outside his immigration proceedings. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (IJ not required to grant a continuance based on speculation); *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (no abuse of discretion to deny a continuance to seek post-conviction relief, where petitioner had been in proceedings for six months and success of post-conviction relief was speculative); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We lack jurisdiction to consider Silva Loza's unexhausted contention that the IJ did not consider his claims regarding ineffective assistance of counsel in his criminal proceedings. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). Likewise, Silva Loza's contention that the BIA failed to address his contentions is not supported by the record, where he did not raise to the BIA his claims of ineffective assistance in his criminal proceedings, and where he does not specify what other factors the BIA failed to consider. *See Padilla-Martinez*, 770 F.3d at 830.

Silva Loza has waived any challenge to the agency's determination that he is statutorily ineligible for cancellation of removal and voluntary departure due to his controlled substance conviction. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

To the extent Silva Loza requests a stay of removal, the request is denied as moot. The currently effective temporary stay of removal will expire upon the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.