**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| URIEL GARCIA,<br>*Petitioner*,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br>*Respondent*. | No. 12-70778<br><br>Agency No.<br>A092-058-021<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred January 9, 2015
Submitted August 11, 2015[*]
Pasadena, California

Filed August 18, 2015

Before: Kim McLane Wardlaw, William A. Fletcher,
and John B. Owens, Circuit Judges.

Opinion by Judge W. Fletcher

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Uriel Garcia Macedo's petition for review of the Board of Immigration Appeals' affirmance of an immigration judge's denial of his motion for a continuance.

The panel held that the statutory criminal bar, 8 U.S.C. § 1252(a)(2)(C), does not strip this court of jurisdiction to review the denial of a procedural motion that rests on a ground independent of the conviction that triggered the bar. The panel denied Garcia's petition for review on the merits, holding that the IJ did not abuse discretion in denying the motion to continue.

### COUNSEL

Zulu Ali, Riverside, California, for Petitioner.

Stuart F. Delery, Principal Deputy Assistant Attorney General, Linda S. Wernery, Assistant Director, and Lindsay B. Glauner, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

W. FLETCHER, Circuit Judge:

Uriel Garcia Macedo petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge ("IJ")'s denial of his motion for a continuance.  We must determine whether 8 U.S.C. § 1252(a)(2)(C) precludes us from exercising jurisdiction. We conclude that § 1252(a)(2)(C) does not bar review of the denial of procedural motions that are independent of the merits of the removal order.  We further hold, however, that the IJ did not abuse his discretion in denying Garcia's motion for a continuance.  We therefore deny Garcia's petition for review.

## I.  Background

Garcia is a 46-year-old Mexican national who first entered the United States with his parents in or around 1979, when he was nine years old.  Although the record is not entirely clear, it appears that Garcia was granted some form of immigration status either upon entry or shortly thereafter. In 2006, Garcia was charged with some form of drug crime, but applied for, and obtained, cancellation of removal.

In 2010, Garcia was charged with possessing methamphetamine in violation of § 11377(a) of the California Health and Safety Code, a misdemeanor.  He was simultaneously charged with possessing drug paraphernalia. He entered pleas of nolo contendere to both offenses, and was sentenced to a one-year probation term.  Garcia was placed into a drug diversion program established by California's Proposition 36, under which adults convicted of nonviolent

drug-related offenses can receive probation and drug treatment rather than prison sentences. *See* Cal. Penal Code §§ 1210, 1210.1, 3063.1. Under Proposition 36, a person who successfully completes treatment can ask that his conviction be expunged. *Id.* § 1210.1(e).

Garcia, however, did not complete the treatment program. He failed to appear at his first check-in, in March 2010, and his probation was terminated. On January 10, 2011, Garcia again appeared in court, his probation was restored, and he was re-entered in the drug treatment program. One week later, however, he was served with an arrest warrant and a Notice to Appear ("NTA"). In February, having been notified that Garcia was in the custody of U.S. Immigration and Customs Enforcement ("ICE"), the state court ordered his probation and treatment terminated and imposed a sentence of 48 days for time served.

Garcia was placed in immigration proceedings in January 2011 based on the NTA. He was charged as removable because of his 2010 conviction, which ICE argued was for violating a "law . . . relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). At an early appearance before the IJ, the government had not yet produced the documents of conviction. Garcia, who was represented by counsel, denied the allegations and the charge. When Garcia next appeared before the IJ in early August 2011, he explained that he was no longer represented by his prior counsel. The IJ granted a continuance to allow him to seek a new attorney.

Garcia appeared at a second hearing the following week. He stated that he would proceed without counsel, and he discussed with the IJ the possibility of applying for asylum, withholding of removal, or adjustment of status. The IJ

continued the proceedings a second time, encouraging Garcia to seek counsel. Garcia was still without counsel when he appeared for a third hearing in late August. Rather than admit the allegations, Garcia invoked his right to take ten days to review the conviction documents, apparently in order either to procure or locate documents that would demonstrate his 2010 conviction had been expunged, or to attempt to expunge it. He told the IJ that he had sent "some dismissal applications to the [state court], where [he] was quote, unquote convicted."

Garcia appeared at a fourth hearing on September 12, having failed to secure postconviction relief. He admitted that he had been convicted of possession of a controlled substance, and the IJ sustained the charge of removability. The IJ asked if he feared persecution or torture in Mexico. Garcia said he did not. The IJ explained that Garcia was ineligible for cancellation of removal because he had previously been granted cancellation in 2006. He further explained that Garcia was ineligible to apply for adjustment of status because no waiver was available for his drug offense. He stated that Garcia could apply for voluntary departure.

Garcia requested a continuance to give him time for further attempts to expunge his conviction. The IJ denied the request, stating that Garcia had been in immigration proceedings for over six months and that Garcia had been given "ample time" to pursue postconviction relief. Garcia stated that he wanted to apply for voluntary departure, but the IJ explained that the immigration statutes did not permit him to do so unless he waived appeal. Garcia refused to waive his appeal rights. The IJ rendered an oral decision finding him removable as charged and denying voluntary departure.

Garcia appealed to the BIA, arguing only that the IJ had erred in denying a further continuance so that he could seek postconviction relief. The BIA dismissed the appeal on the ground that the IJ had "appropriately considered the relevant factors to determine whether good cause for a continuance was shown." It held that because Garcia had not yet shown that the conviction had been vacated, the IJ did not err in refusing a further continuance. Garcia petitions for review, arguing only that the BIA had erred in affirming the IJ's denial of a further continuance.

## II.  Jurisdiction

We must first determine whether we have jurisdiction to review the denial of a motion to continue when the movant has been convicted of a qualifying criminal offense under 8 U.S.C. § 1252(a)(2)(C) and a removal order has been entered on that basis. We conclude that the immigration statutes do not bar judicial review of the denial of such a motion.

Our jurisdiction over petitions for review of final orders of removal rests on 8 U.S.C. § 1252. That statutory provision imposes three limitations on our review. First, it bars judicial review of removal orders entered after the "expedited removal" process set out at 8 U.S.C. § 1225(a)(1). *See* 8 U.S.C. § 1252(a)(2)(A). Second, it bars judicial review of certain denials of discretionary relief, including, *inter alia*, "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* § 1252(a)(2)(B); *see Kucana v. Holder*, 558 U.S. 233, 251–52 (2010). Finally, it bars judicial review over removal

orders predicated upon certain criminal offenses. 8 U.S.C. § 1252(a)(2)(C). The last two bars do not preclude "review of constitutional claims or questions of law." *Id.* § 1252(a)(2)(D).

The question in this case is whether any of these statutory limitations bars our review of the denial of Garcia's motion for a continuance.

It is well established in this circuit that the second bar, over certain denials of discretionary relief, does not apply to a motion for a continuance. In *Sandoval-Luna v. Mukasey*, 526 F.3d 1243 (9th Cir. 2008) (per curiam), we held that because the denial of a continuance was neither specifically enumerated at 8 U.S.C. § 1252(a)(2)(B) nor "'specified under' the subchapter to be in the discretion of the Attorney General," the limitation in § 1252(a)(2)(B) does not bar our review over the denial of a motion for a continuance. *Id.* at 1246 (quoting *Alsamhouri v. Gonzales*, 484 F.3d 117, 122 (1st Cir. 2007)). In *Kucana*, the Supreme Court affirmed this interpretation of § 1252(a)(2)(B). *See Kucana*, 558 U.S. at 247 (holding that § 1252(a)(2)(B) bars review of a discretionary decision "only when Congress itself set out the Attorney General's discretionary authority in the statute").

The government argues, however, that the third bar, set out at 8 U.S.C. § 1252(a)(2)(C), strips us of jurisdiction to review the denial of a motion to continue when the movant has been convicted of a qualifying crime, as Garcia has been. Section 1252(a)(2)(C) states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain crimes. 8 U.S.C. § 1252(a)(2)(C). The crimes referenced by the statute include any crimes that would

render a noncitizen inadmissible into the United States, including crimes involving moral turpitude, *see id.* § 1182(a)(2), and many crimes that would render a noncitizen removable, including aggravated felonies, *see id.* § 1227(a)(2)(A)(iii). As relevant here, an alien who is removable by reason of having been convicted of violating a law "relating to a controlled substance" is subject to the § 1252(a)(2)(C) bar. *See id.* § 1227(a)(2)(B).

There is no dispute that Garcia has been convicted of violating a law relating to a controlled substance. Garcia was convicted in 2010 of violating California Health & Safety Code § 11377(a), which makes possession of certain controlled substances a misdemeanor under state law. Although this statute is overbroad, in that it sweeps more drugs into its ambit than does the federal Controlled Substances Act, it is also divisible, such that we may consult judicially noticeable conviction documents to determine whether Garcia was convicted of a crime that corresponds to the federal definition. *See Coronado v. Holder*, 759 F.3d 977, 983–85 (9th Cir. 2014) (as amended). Here, the conviction documents establish "that [Garcia's] criminal conviction was for possession of a substance" — methamphetamine — "that is listed under California law and the [federal drug] schedules." *Id.* at 982 (emphasis omitted).

The parties dispute only whether § 1252(a)(2)(C)'s bar on judicial review applies to the denial of a procedural motion such as Garcia's motion to continue. The statute provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" various other provisions. 8 U.S.C. § 1252(a)(2)(C). The government argues that this statutory language strips us of jurisdiction not

only over the removal order itself, but also over all other orders that precede it, whether substantive or procedural in nature. In the government's view, and in the view of several of our sister circuits, such orders are encompassed in the statutory phrase "final order of removal." *See, e.g., Moral-Salazar v. Holder*, 708 F.3d 957, 962 (7th Cir. 2013); *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010).

We disagree with the government. We have previously held that the statute, which refers to an "order of removal against an alien who is removable by reason of" a qualifying conviction, does not sweep in "*all* petitions for review filed by petitioners with a[] [qualifying] conviction in their past." *Unuakhaulu v. Gonzales*, 416 F.3d 931, 935–36 (9th Cir. 2005) (as amended). Rather, it bars review only of those orders that are *actually* "predicated on commission or admission of a crime." *Id.* (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1247 (9th Cir. 2003)). On this rationale, we have held that the § 1252(a)(2)(C) bar does not preclude review of a denial of relief that is based not on the "commission or admission of a crime," but rather on the alien's failure to establish his or her eligibility for the relief sought. *See Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012); *Bromfield v. Mukasey*, 543 F.3d 1071, 1074–76 (9th Cir. 2008); *Morales v. Gonzales*, 478 F.3d 972, 976, 980–81 (9th Cir. 2007) (as amended). Under the rule established by these cases, we retain jurisdiction over a petition for review challenging the denial of relief "on the merits," rather than on the basis of the qualifying conviction. Despite criticism from within our court, *see Pechenkov*, 705 F.3d at 449–52 (Graber, J., concurring), *Unuakhaulu* and its progeny remain good law.

The government identifies no principled way to distinguish these cases from the one before us, and we can think of none.  If the § 1252(a)(2)(C) bar precludes review only of decisions "predicated on commission or admission of a crime," *see id.*, it stands to reason that the provision does not bar review of the denial of a procedural motion (such as a motion to continue) that is not predicated on the fact that the movant has been convicted of a qualifying crime.  We see no reason why the rule established by our caselaw should apply to the denial of substantive relief, but not the denial of procedural relief.    Indeed,  the  case  for  reading § 1252(a)(2)(C) to bar review of the denial of substantive relief is stronger than the case for reading it to bar review of the denial of procedural relief, given that most procedural decisions are unrelated to the substantive basis for finding an alien  removable — *i.e.*,  the  predicate  crime  triggering § 1252(a)(2)(C). *See Calma v. Holder*, 663 F.3d 868, 876–77 (7th Cir. 2011) ("We are persuaded that there are identifiable circumstances under which a critical procedural step in a removal proceeding . . . lies within our jurisdiction even though we are barred from evaluating the BIA's ultimate decision . . . .").  For these reasons, we conclude that the §  1252(a)(2)(C)  bar  does  not  apply  to  the  denial  of  a procedural motion that rests on a ground independent of the conviction that triggers the bar.

Because we conclude that 8 U.S.C. § 1252(a)(2)(C) does not bar our review of the denial of Garcia's motion to continue, we proceed to the merits of Garcia's claim.

### III.  Denial of a Further Continuance

The governing regulations permit an immigration judge to "grant a motion for continuance for good cause shown."

8 C.F.R. § 1003.29. The decision to grant or deny the continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Sandoval-Luna*, 526 F.3d at 1247 (quoting *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991)). When reviewing an IJ's denial of a continuance, we consider several factors, including: (1) the nature of the evidence not obtained or admitted as a result of the denial of the continuance, (2) the reasonableness of the alien's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

On the facts here, we conclude there was no abuse of discretion. Although it would have been reasonable for the IJ to grant Garcia an additional continuance, it was not unreasonable for him not to do so. Garcia claimed that he would have used the additional time to seek postconviction relief, but he had previously sought such relief to no avail. Indeed, he had failed to complete the program that could have resulted in the expungement of his state conviction. Further, the IJ had previously continued Garcia's proceedings three times for various procedural reasons. Although "[t]he IJ's discretion . . . is not without limits," *id.*, the IJ here acted within those limits in declining to continue Garcia's proceedings for a fourth time. There was no abuse of discretion.

## Conclusion

We hold that 8 U.S.C. § 1252(a)(2)(C) does not bar review over the denial of a procedural motion, such as a motion for a continuance, that rests on a ground independent from the conviction that triggers the statutory bar. However,

because the IJ did not abuse his discretion in denying Garcia's motion to continue, we deny Garcia's petition for review.

**PETITION DENIED.**