**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO GARCIA-DELGADO, | No. 14-72080 |
| Petitioner, | Agency No. A200-682-006 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Mario Garcia-Delgado, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ('IJ") decision denying his motion for a continuance. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a continuance, *Garcia v. Lynch,* 798 F.3d 876, 881 (9th Cir. 2015), and review de novo questions of law and claims of due process violations, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Garcia-Delgado's motion for a continuance to seek post-conviction relief where he failed to show good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (the denial of a continuance was within the agency's discretion where relief was not immediately available to the petitioner). Accordingly, Garcia-Delgado's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

The agency applied the correct legal standard in deciding Garcia-Delgado's motion to continue, where the agency invoked the applicable "good cause" legal standard and cited pertinent legal authorities. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision).

**PETITION FOR REVIEW DENIED.**