**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GABRIEL GALLEGOS SERAFIN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-73003<br><br>Agency No. A200-157-504<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Juan Gabriel Gallegos Serafin, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Whether a crime involves moral turpitude is a question of law, which we review de novo. *Cervantes v. Holder*, 772 F.3d 583, 587 (9th Cir. 2014). We review for abuse of discretion the denial of a continuance. *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

Under the modified categorical approach, the agency correctly concluded that Gallegos Serafin's conviction under California Penal Code § 273.5(a) was a crime involving moral turpitude that rendered him statutorily ineligible for cancellation of removal, where Gallegos Serafin's declaration entering his guilty plea refers to count 1 of the complaint, and count 1 of the complaint specifies that the victim was the mother of his child. *See* 8 U.S.C. § 1229b(b)(1)(C) (specifying classes of criminal convictions that preclude a grant of cancellation of removal, including crimes involving moral turpitude); *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014) ("Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint."); *Morales-Garcia v. Holder*, 567 F.3d 1058, 1065 (9th Cir. 2009) (a conviction under § 273.5(a) may be a crime involving moral turpitude if the defendant has a "special relationship" with the victim). Contrary to Gallegos Serafin's contention, the phrase "as charged in the complaint" is not required here because it is

unambiguous that the plea refers to the complaint. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1168-69 (9th Cir. 2014).

In light of this dispositive determination, we do not reach Gallegos Serafin's contentions regarding his drug paraphernalia conviction. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

The agency did not abuse its discretion in concluding that Gallegos Serafin failed to establish good cause for a continuance to seek post-conviction relief. *See* 8 C.F.R. § 1003.29; *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

We lack jurisdiction to consider Gallegos Serafin's unexhausted contentions regarding voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**