**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR MAGANA-CORTEZ, | No. 14-73125 |
| Petitioner, | |
| | Agency No. A044-369-090 |
| v. | |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Oscar Magana-Cortez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable and denying his

applications for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for abuse of discretion the denial of a continuance. *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). We dismiss in part and deny in part the petition for review.

Magana-Cortez does not challenge the agency's determination that his conviction for possession of cocaine with intent to deliver is an aggravated felony that renders him removable, and statutorily ineligible for asylum. Because of the aggravated felony, we lack jurisdiction to review the agency's determination that his conviction is a particularly serious crime that bars him from withholding of removal, and he does not raise a colorable question of law that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (a petitioner may not attack a discretionary decision simply by phrasing his abuse of discretion challenge as a question of law).

Substantial evidence supports the agency's denial of CAT relief on the ground that Magana-Cortez failed to demonstrate it is more likely than not he

would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Silaya*, 524 F.3d at 1073.

The IJ applied the proper legal standard and did not abuse its discretion in concluding that Magana-Cortez failed to establish good cause for a continuance to seek post-conviction relief, where he had been granted approximately nine continuances and Magana-Cortez's counsel indicated that the request for post-conviction relief had been denied by the criminal court.  *See* 8 C.F.R. § 1003.29; *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

In light of this disposition, we do not reach Magana-Cortez's contention regarding a particular social group.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**