**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAAC GUILLERMO PERAZA MEJIA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70822<br><br>Agency No. A095-738-361<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Isaac Guillermo Peraza Mejia, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal.   We have jurisdiction under 8 U.S.C. § 1252.   We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion an IJ's denial of a continuance, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), we review de novo due process challenges, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and we review for substantial evidence the agency's factual findings, *id*. at 1199. We deny the petition for review.

The IJ did not abuse her discretion in concluding Peraza Mejia failed to establish good cause for a third continuance. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (finding no abuse of discretion in denial of motion to continue). Thus, Peraza Mejia's related contention that his due process rights were violated by the denial of the continuance fails. *See Lata v. INS*, 204 F.3d 1241, 1046 (9th Cir. 2000) (requiring error to prevail on a due process claim). Further, the record does not support Peraza Mejia's contention that the IJ's remarks during the hearing demonstrated bias. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007).

Substantial evidence supports the BIA's determination that Peraza Mejia failed to establish that the government of Guatemala was or will be unwilling or unable to control the gangs that he fears. *See Castro-Perez v. Gonzales*, 409 F.3d

1069, 1072 (9th Cir. 2005).   Thus, Peraza Mejia's withholding of removal claim

fails.

**PETITION FOR REVIEW DENIED.**