**NOT FOR PUBLICATION**

**FILED**

NOV 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIO ARMANDO ROSALES
ZARCENO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 15-70633

Agency No. A095-006-186

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Julio Armando Rosales Zarceno, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

motion for a continuance, and denying his application for withholding of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for abuse of discretion the denial of a continuance and review de novo due process claims. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in affirming the IJ's denial of Rosales Zarceno's request for a continuance. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). Thus, Rosales Zarceno's related due process claim also fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Even if credible, substantial evidence supports the BIA's determination that Rosales Zarceno failed to establish it is more likely than not he would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, we deny the petition as to Rosales Zarceno's withholding of removal claim.

*See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

Finally, substantial evidence supports the BIA's denial of Rosales Zarceno's CAT claim because he has not shown it is more likely than not he would be tortured by the government of El Salvador or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**