NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LIRIO JUDITH LOPEZ DE IRIBE, AKA Lirio Judith Iribe,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   14-72120<br><br>Agency No. A076-609-553<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Lirio Judith Lopez De Iribe, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' decision dismissing her appeal from

an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law. *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We review for abuse of discretion the grant of a continuance. *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

Lopez De Iribe is removable for an offense related to a controlled substance, where the minute orders read in conjunction with the complaint shows her conviction under California Health and Safety Code § 11351 involved heroin. *See* 8 U.S.C. §1227(a)(2)(B)(i) (an alien who has been convicted of a violation of any law of a state, the United States, or a foreign country relating to a controlled substance is removable); *Cabantac*, 736 F.3d at 793-94 ("[W]here, as here, the . . . minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."); *Retuta v. Holder*, 591 F.3d 1181, 1184-85 (9th Cir. 2010) (despite confusing nature of a document, it contained sufficient information to determine the alien pled guilty to a controlled substance charge).

We lack jurisdiction to consider Lopez De Iribe's unexhausted contentions regarding the lack of the phrase "as charged in the information," which are nonetheless foreclosed by *United States v. Torre-Jimenez*, 771 F.3d 1163, 1168-69 (9th Cir. 2014). *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative

14-72120

proceedings before the BIA.").

To the extent we have jurisdiction under *Garcia*, the agency did not abuse its discretion in granting the government a continuance to amend the removability charges in the notice to appear, where the circumstances of Lopez De Iribe's entry and admission were not established until the hearing at which the government requested the continuance. *See Garcia*, 798 F.3d at 880 (the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C) does not apply to the denial of a procedural motion that rests on a ground independent of the bar-triggering conviction); *Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014) (the reasonableness of a party's actions is a factor to consider when evaluating whether the grant or denial of a continuance was an abuse of discretion). Accordingly, the agency did not err in denying Lopez De Iribe's motion to terminate. *See* 8 C.F.R. § 1240.10(e) ("At any time during the proceeding, additional or substituted charges of inadmissibility and/or deportability and/or factual allegations may be lodged by the Service in writing.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**