NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH ANTHONY REID, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 16-72424 Agency No. A208-083-106 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Joseph Anthony Reid, a native and citizen of Jamaica, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his request for a continuance and

ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the agency's denial of a continuance, and we review de novo due process claims. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Reid's motion for a continuance to seek post-conviction relief, where he had not begun to seek post-conviction relief on the date of his fifth hearing. *See Garcia v. Lynch,* 798 F.3d 876, 881 (9th Cir. 2015) (no abuse of discretion where alien had "ample time" to seek post-conviction relief) (citation omitted)).

Reid has not established any due process violations resulting from the IJ allegedly disallowing his objection to the admission of evidence, alleged inaccuracies in the record of proceedings, or the IJ's alleged bias, where Reid has not shown that he is eligible for any relief from removal, and he has therefore failed to establish prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring substantial error and prejudice to prevail on a due process claim).

We lack jurisdiction to consider Reid's unexhausted contention that the agency violated its own regulations in allegedly disallowing his objection to the admission of evidence. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**