NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN CAMACHO, | No. 15-72830 |
| Petitioner, | Agency No. A200-973-498 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Ivan Camacho, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's removal order denying a continuance. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Camacho a further continuance, where success on post-conviction relief was speculative at the time of his final hearing, and he did not present evidence to the agency that such relief was eventually successful. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (IJ not required to grant a continuance based on speculation); *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (no abuse of discretion to deny a continuance to seek post-conviction relief, where success of post-conviction relief was speculative).

We lack jurisdiction to consider Camacho's unexhausted contentions regarding his conviction modification and resentencing in state court. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**