**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO GARCIA-MENDOZA, AKA Ricardo Garcia M, AKA Ricardo Garcia Mendoza, AKA Ricardo Mendoza Garcia, | No.    16-72052 |
| Petitioner, | Agency No. A077-118-907 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Ricardo Garcia-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We reject Garcia-Mendoza's contention that the agency violated due process or denied his right to counsel, where he had two hearings after the BIA remanded his case, no attorney had entered a notice of appearance in his case, and Garcia-Mendoza indicated that he would not have an attorney at any future hearing. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1032 (9th Cir. 2004) (petitioner may be forced to proceed without counsel); *see also Vides-Vides v. INS*, 783 F.2d 1463, 1470 (9th Cir. 1986) (failure to obtain counsel after two continuances over four months simply meant alien was "unable to secure counsel at his own expense"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). We also reject Garcia-Mendoza's unsupported contention that he had a Sixth Amendment right to counsel in removal proceedings. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) ("[T]here is no Sixth Amendment right to counsel in an immigration hearing.").

The agency did not abuse its discretion or violate due process in declining to continue Garcia-Mendoza's removal proceedings for lack of good cause, where Garcia-Mendoza did not establish potential eligibility for relief at any stage in

proceedings. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (outlining factors to consider when reviewing the agency's denial of a continuance)*; Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (no abuse of discretion where alien had "ample time" to seek post-conviction relief) (citation omitted)); *Lata*, 204 F.3d at 1246 (9th Cir. 2000).

To the extent Garcia-Mendoza now contends his former counsel was ineffective, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**