NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SIXTO ARIOS MANUEL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　14-70045<br><br>Agency No. A046-512-173<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2019[**]
Honolulu, Hawaii

Before:　TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Petitioner Sixto Manuel ("Manuel") seeks review of a Board of Immigration

Appeals' ("BIA") dismissal of his administrative appeal challenging an

Immigration Judge's ("IJ") decision denying him a fourth continuance and finding

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

him removable as an aggravated felon. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

As an initial matter, we conclude that Manuel's Petition for Review ("PFR") was timely. The only evidence presented suggests that the "technical difficulties" were a result of a CM/ECF court system malfunction, rather than user error, and the government has not produced any evidence to the contrary. Based on Manuel's uncontested statements, we conclude that our clerk's office was rendered inaccessible on the date the PFR was due, which extended Manuel's filing deadline to the next "accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. App. P. 26(a)(3)(A). Because Manuel properly filed the PFR on the next accessible day, his filing was timely. In the future, however, counsel should also file a contemporaneous motion and affidavit seeking confirmation of the late filing and explaining what prevented the timely filing. 9th Cir. R. 25-5(c)(2) (formerly 9th Cir. R. 25-5(d)(2)).

The government's argument that 8 U.S.C. § 1252(a)(2)(C) is a jurisdictional bar is foreclosed by a post-briefing case. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (holding jurisdiction exists to review "the denial of a procedural motion, such as a motion for a continuance, that rests on a ground independent from the conviction that triggers the statutory bar"). Under *Garcia*, we have jurisdiction to review the denial of Manuel's motion to continue.

2

Reaching the merits, the agency neither abused its discretion nor violated due process by denying Manuel's motion for continuance. The decision to grant or deny a continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (quotations omitted). The outcome of Manuel's state court Rule 40 motion was a speculative collateral attack and did not necessitate that the IJ or BIA wait any longer until the state court rendered a decision. *See Garcia*, 798 F.3d at 881; *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011); 8 C.F.R. § 1003.29. The IJ had also previously granted him three continuances: one for the attorney to become familiar with the case, and two to seek post-conviction relief. Additionally, the IJ declined to consider the allegations in the Notice to Appear that corresponded to the criminal counts with the disputed date discrepancies, instead relying solely on the other two counts of conviction as the basis for finding Manuel removable.

The agency did not err in denying Manuel's motion to continue. And because there was no error or violation of constitutional rights, Manuel's due process claim likewise fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**

3