NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUDWIG ANTONIO GOMEZ HERNANDEZ, AKA Ludwin Antonio Hernandez,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 20-71417<br><br>Agency No. A042-245-175<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021**
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,*** District Judge.

Ludwin Gomez Hernandez, a native and citizen of El Salvador, petitions for

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  *** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his motion for a fourth continuance.[1] Because the parties are familiar with the facts, we do not recite them here. We review the agency's denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

1.      The government argues that we lack jurisdiction over Gomez's petition because the Supreme Court's recent decision in *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), effectively overruled longstanding Ninth Circuit precedent explaining that the jurisdictional bar of § 1252(a)(2)(C) "does not sweep in *all* petitions for review filed by petitioners with a qualifying conviction in their past," *Garcia v. Lynch*, 798 F.3d 876, 880 (9th Cir. 2015) (internal quotations, alterations, and citation omitted), and holding that § 1252(a)(2)(C) does not deprive us of jurisdiction over "a procedural motion that rests on a ground independent of the conviction that triggers the bar," *id.* at 881. But in *Nasrallah* the Court answered only the "narrow question" of whether an appellate court may review a noncitizen's factual challenges to an agency's order denying relief under the Convention Against Torture ("CAT"), and it did not consider or decide how §§ 1252(a)(2)(C) and (D) apply to motions for continuances. *See* 140 S. Ct. at 1688. Because *Nasrallah* addresses a different

---

[1] The record offers various versions of Gomez's first name, including "Ludwig," "Ludwing," and "Ludwin."

situation than the one at issue here, it is not "clearly irreconcilable" with *Garcia* and we maintain jurisdiction over the petition. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (explaining that the Supreme Court's authority must "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

2.     Gomez argues that the agency abused its discretion in denying his motion for a fourth continuance. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29; *see Matter of L-A-B-R*, 27 I. & N. Dec. 405, 407 (A.G. 2018). An IJ's decision to grant or deny a motion for a continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (citation omitted).

Gomez contends that the agency erred here because he could have eventually received adjustment of status from a family-based petition if he were granted a fourth continuance. Gomez, however, offered no evidence of any family-based petition on appeal before the BIA. *See Matter of L-A-B-R*, 27 I. & N. Dec. at 418 (explaining that absent evidence from a noncitizen's relevant collateral proceeding, a noncitizen "generally will not carry his burden of showing that a collateral matter is actually likely to bear on the outcome of the removal proceedings"). Gomez also contends that he could have sought multiple forms of relief in light of changed country

conditions in El Salvador. Yet Gomez neither identified the purported changed country conditions nor provided evidence supporting any changed country conditions in El Salvador on appeal before the BIA.

Accordingly, the agency did not abuse its discretion in concluding that Gomez suffered no prejudice from the IJ denying his motion for a fourth continuance. *See Sandoval-Luna*, 526 F.3d at 1245, 1247; *Matter of L-A-B-R*, 27 I. & N. Dec. at 413–18.

**PETITION DENIED.**[2]

---

[2] Gomez's motion for a stay of removal (Doc. 1) is denied as moot.