**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GABRIEL MENDOZA BIRRUETA, | No. 17-71971 |
| Petitioner, | Agency No. A077-442-971 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2023[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Juan Gabriel Mendoza Birrueta petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his request for a third continuance and pretermitting his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review for abuse of discretion the IJ's denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo constitutional claims and questions of law, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007). We deny the petition for review.

The IJ did not abuse its discretion in denying Mendoza Birrueta's request for a third continuance so that he could seek post-conviction relief in state court because Mendoza Birrueta failed to demonstrate "good cause" for a continuance. 8 C.F.R. § 1003.29 (2023). At the time of Mendoza Birrueta's request for a third continuance, collateral post-conviction relief remained purely speculative, and "the IJ [is] not required to grant a continuance based on . . . speculations." *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011); *see also Garcia v. v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (denying alien's request for a continuance so that he could "seek postconviction relief" where "the IJ had previously continued [his] proceedings three times for various procedural reasons").

2

While we have identified certain factors that we consider "[w]hen reviewing an IJ's denial of a continuance," *Garcia*, 798 F.3d at 881, the IJ need not address any particular factors on the record as long as "the IJ sufficiently outlined why good cause [for a continuance] did not exist," *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019), which the IJ did here. Because the IJ was not obligated to continue Mendoza Birrueta's removal proceedings so that he could pursue speculative post-conviction relief, and because Mendoza Birrueta "does not have a cognizable liberty interest in discretionary relief from removal," *Sandoval-Luna*, 526 F.3d at 1247, the IJ's refusal to grant a third continuance did not violate Mendoza Birrueta's due process rights.

The BIA did not err in pretermitting Mendoza Birrueta's application for cancellation of removal on the ground that he was ineligible for such relief. His conviction for assault with a deadly weapon under Section 245(a)(1) of the California Penal Code was categorically a crime involving moral turpitude (CIMT) under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *See Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020). Mendoza-Birrueta forfeited any challenge to the BIA's determination that his conviction under Section 245(a)(1) was a CIMT by failing to challenge that determination in his opening brief. *See Perez-Camacho v. Garland*, 54 F.4th 597, 602 n.2 (9th Cir. 2022). Under 8 U.S.C. § 1229b(b)(1)(C), an alien who is

"convicted of [certain enumerated] offenses," including a CIMT, 8 U.S.C. § 1182(a)(2)(A)(i)(I), is "ineligible for cancellation of removal," *Barton v. Barr*, 140 S. Ct. 1442, 1452 (2020). Because Mendoza Birrueta's eligibility for post-conviction relief is speculative, we need not consider his argument that if he received such relief, and his conviction were reduced to a misdemeanor, he would qualify for the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

An IJ's denial of a request for a continuance is not a due process violation where the petitioner cannot show "that he was prejudiced by the denial of a continuance" because he was not eligible for any relief from removal. *Sandoval-Luna*, 526 F.3d at 1247. Because Mendoza Birrueta was ineligible for cancellation of removal, the only form of relief he sought, the IJ's denial of his request for a third continuance did not violate Mendoza Birrueta's due process rights.

**PETITION DENIED.**