NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA ISABEL MARTAN-ROBINSON, | No. 18-72881 |
| | 19-73002 |
| Petitioner, | |
| | Agency No. A092-445-357 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023[**]
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Petitioner Ana Isabel Martan-Robinson, a native and citizen of Mexico,

petitions for review of decisions of the Board of Immigration Appeals ("BIA")

dismissing her appeal of a removal order and denying her motion to reopen

proceedings. We have jurisdiction under 8 U.S.C. § 1252. *See Garcia v. Lynch*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

798 F.3d 876, 879–881 (9th Cir. 2015) (holding that 8 U.S.C. § 1252(a)(2)(C) does not bar our review of the denial of a continuance); *Bravo-Bravo v. Garland*, 54 F.4th 634, 638 (9th Cir. 2022) (holding that our jurisdiction to review a denial of a motion to reopen is limited to determining whether the BIA or IJ erred in concluding that the IJ lacked jurisdiction). We deny the petition for review.

1.      The record reflects that Martan-Robinson never requested a continuance from the IJ so that she could seek post-conviction relief in the district court. Her argument that the IJ violated her due process rights by not ordering a continuance <u>sua</u> <u>sponte</u> is unpersuasive.

2.      Martan-Robinson's argument that she was denied effective assistance of counsel in her immigration proceedings in violation of due process is similarly unpersuasive. We review de novo claims of Fifth Amendment due process violations in immigration proceedings. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000).

As an initial matter, Martan-Robinson did not comply with the procedural requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), and any alleged ineffective assistance is not plain on the face of the record. *See Tamang v. Holder*, 598 F.3d 1083, 1090–91 (9th Cir. 2010) (failure to satisfy *Lozada* requirements was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record).

Further, without any evidence from Martan-Robinson herself concerning her interactions with her criminal defense lawyer or immigration attorney, and no indication that any petition for post-conviction relief was filed, we cannot conclude that she endured fundamentally unfair proceedings or that her immigration attorney's actions affected the outcome. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004) (holding that, to establish a due process violation, a petitioner must show fundamentally unfair proceedings and prejudice from counsel's actions).

3.    Martan-Robinson's argument that the Notice to Appear she received, which lacked information about the date, time, and location of the initial hearing, could not confer jurisdiction over the removal proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–93, 1191 n.6 (9th Cir. 2022) (en banc) (ruling that defects in a Notice to Appear "have no bearing on an immigration court's adjudicatory authority"), *cert. denied*, No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023).

**PETITION DENIED.**