NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARINA GODOY-JIMENEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-1535 Agency No. A092-829-489 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2023**
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO, Senior District Judge.***

Karina Godoy-Jimenez ("Godoy-Jimenez"), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kiyo A. Matsumoto, United States Senior District Judge for the Eastern District of New York, sitting by designation.

dismissing her appeal from an immigration judge's ("IJ") denial of her application for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The BIA did not err in concluding that Godoy-Jimenez was statutorily ineligible for cancellation of removal relief under 8 U.S.C. § 1229b(b). To establish eligibility for cancellation of removal, an applicant must demonstrate, among other requirements, that she has not been convicted of an offense under 8 U.S.C. § 1182(a)(2), which includes "violation[s] of . . . any law or regulation of a State . . . relating to a controlled substance" as defined by the Controlled Substances Act ("CSA"). 8 U.S.C. § 1182(a)(2)(A)(i)(II). We have held that, as a matter of law, California's definition of methamphetamine is a categorical match to the federal definition in the CSA. *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1152–55 (9th Cir. 2020). Therefore, Godoy-Jimenez's argument that her conviction for possession of methamphetamine in violation of California Health and Safety Code § 11377(a) is not a disqualifying controlled substance offense under 8 U.S.C. § 1182(a)(2) because the California statute is overbroad is foreclosed.

Moreover, the BIA properly affirmed the IJ's determination that because Godoy-Jimenez failed to submit complete disposition records of her criminal history, she failed to satisfy her burden to establish statutory eligibility for relief

under 8 U.S.C. § 1229a(c)(4)(A). *See Pereida v. Wilkinson*, 141 S. Ct. 754, 767 (2021) ("[N]onpermanent aliens seeking to cancel a lawful removal order must prove that they have not been convicted of a disqualifying crime."). Because Godoy-Jimenez failed to challenge this finding on appeal, the issue is waived. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

2.    The agency did not abuse its discretion by denying Godoy-Jimenez's request for a continuance to seek postconviction relief because Godoy-Jimenez did not demonstrate good cause for the continuance. *See* 8 C.F.R. § 1003.29 ("The immigration judge may grant a motion for continuance for good cause shown. . . ."). In determining whether a petitioner has established good cause, we consider: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Godoy-Jimenez contends that the IJ's denial of her continuance request resulted in her inability to present evidence of postconviction relief for her methamphetamine possession conviction. "But the IJ [is] not required to grant a continuance based on . . . speculations," *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011), and at the time of her oral request for a continuance, Godoy-Jimenez presented no evidence that she had obtained, or even attempted to obtain, relief

from this conviction. Moreover, Godoy-Jimenez had already been in removal proceedings for four years, during which time the IJ granted six continuances. Before granting the final two continuances, the IJ warned Godoy-Jimenez of the potential disqualifying effect of her criminal history and explained precisely what documents the IJ required to determine Godoy-Jimenez's eligibility for relief. It was only after Godoy-Jimenez failed twice to bring these requested documents to her hearing that she made the request for continuance at issue here.

Therefore, weighing the speculative nature of the postconviction relief, the unreasonableness of Godoy-Jimenez's repeated failure to bring the required documentation, and the numerous other continuances previously granted, the IJ did not abuse her discretion in determining that Godoy-Jimenez failed to establish good cause for continuance to seek postconviction relief. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (denying petitioner's request for continuance to seek postconviction relief where the IJ already continued the proceedings three times).

**PETITION FOR REVIEW DENIED.**