**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE TENORIO-GONZALEZ, AKA Noe Tenorio,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   15-71043<br><br>Agency No. A200-154-062<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Noe Tenorio Gonzalez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing Tenorio's appeal

from an immigration judge's ("IJ") decision denying Tenorio's application for

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

The BIA did not err in finding that Tenorio failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)). Tenorio claimed to belong to a social group of "male Mexican[s] returning to a country that is narco-drug infested." We have held, however, that Mexicans returning from the United States do not constitute a particular social group. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010). Substantial evidence supports the agency's conclusion that Tenorio otherwise failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random

2

violence by gang members bears no nexus to a protected ground"). Thus, Tenorio's withholding of removal claim fails.

We lack jurisdiction to consider Tenorio's argument that the IJ erred in denying CAT protection because this argument was not raised before the BIA. 8 U.S.C. § 1252(d)(1); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

The IJ did not abuse its discretion in deciding not to grant Tenorio a continuance to complete a declaration in support of his application. *See Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005) ("Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing."). The IJ granted Tenorio four previous continuances, totaling nearly one year, to retain counsel, submit an application, and complete the declaration. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (holding that the IJ properly exercised discretion in denying a fourth continuance).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**