**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE CONTRERAS MADRIGAL, | No. 14-73635 |
| Petitioner, | Agency No. A094-874-391 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 02, 2020**

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Jorge Contreras Madrigal, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. *Garcia v. Lynch*, 798 F.3d 876 880 (9th Cir. 2015). We review de novo constitutional claims and questions of law, *Vargas-Hernandez v. Gonzales,* 497 F.3d 919, 921 (9th Cir. 2007), and we review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

We review for abuse of discretion the agency's particularly serious crime determination. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). Review is "limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks omitted). We deny the petition for review.

Contreras Madrigal's 2013 plea of guilty to possession for sale of 2.63 pounds of methamphetamine in violation of California Health and Safety Code § 11378 is presumptively a "particularly serious crime," which renders him ineligible for withholding of removal. *See Rendon*, 520 F.3d at 976 ("[A]n aggravated

---

[1] Contreras Madrigal conceded before the IJ that he was ineligible for asylum due to his aggravated felony conviction. *See Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008) (an applicant for asylum is not eligible for this form of relief if he has been convicted of an aggravated felony).

felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."). The agency did not abuse its discretion. It relied on the appropriate factors and proper evidence in determining that Contreras Madrigal had not rebutted this "extraordinarily strong presumption." *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007).

Substantial evidence supports the agency's denial of CAT protection because Contreras Madrigal failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Mairena v. Barr*, 917 F.3d 1119, 1125-26 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**