

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURELIA URIOSTEGUI GUADARRAMA; et al., | No. 18-72963 |
| Petitioners, | Agency Nos.    A209-128-796<br>A209-128-797<br>A209-128-798 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
San Francisco, California

Before:  LUCERO,[***] W. FLETCHER, and IKUTA, Circuit Judges.

Petitioners Aurelia Uriostegui Guadarrama and her two children seek review

of a Board of Immigration Appeals (BIA) decision upholding the Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Judge's (IJ) removal order. They argue that the BIA abused its discretion by affirming the IJ's decision to deem their application for relief from removal abandoned and to deny their fourth request for a continuance. Petitioners also claim that the denial of their continuance request violated their due process rights.

Petitioners' brief does not explicitly challenge the BIA's affirmance of the IJ's decision to deem their application for relief from removal abandoned. This argument is therefore waived. See Velasquez-Gaspar v. Barr, 976 F.3d 1062, 1065 (9th Cir. 2020). Even if Petitioners had raised the argument, the BIA did not abuse its discretion in finding the IJ acted properly when it deemed their asylum application abandoned. Regulations permit the IJ to set "time limits for the filing of applications and related documents," and "[i]f an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c).

At a hearing on July 26, 2017, the IJ instructed Uriostegui Guadarrama to complete the asylum application and bring it with her to her October 11, 2017 hearing. Uriostegui Guadarrama confirmed that she understood this instruction, but she failed to bring the completed application as directed. The BIA did not abuse its discretion in holding that the IJ properly deemed the application abandoned. See Taggar v. Holder, 736 F.3d 886, 889 (9th Cir. 2013).

2

Nor did the BIA abuse its discretion in holding that Petitioners did not demonstrate good cause for a fourth continuance to obtain counsel or complete an asylum application. "The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." Garcia v. Lynch, 798 F.3d 876, 881 (9th Cir. 2015) (quotation omitted). There was no clear abuse in this case. The IJ granted Petitioners three continuances spanning nearly eleven months to allow Petitioners to obtain counsel. The IJ also gave Uriostegui Guadarrama nearly three months to file an asylum application. The IJ cautioned Uriostegui Guadarrama that further extensions would not be granted. The BIA did not abuse its discretion in concluding, based on these facts, that Petitioners had sufficient opportunity to obtain counsel.

Lastly, Petitioners "must show error and substantial prejudice" to prevail on their due process claim. Larita-Martinez v. I.N.S., 220 F.3d 1092, 1095 (9th Cir. 2000) (quotation omitted). The "error" Petitioners assert is the denial of their request for a fourth continuance. Because we hold this decision was not an abuse of discretion, it is also not a fundamental error that may sustain a due process claim.

**PETITION DENIED.**

3