NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DELMENDO RILLERA, | No. 18-70653 |
| Petitioner, | Agency No. A041-901-277 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before: BEA, CHRISTEN, and BRESS, Circuit Judges.

Petitioner John Delmendo Rillera, a citizen of the Philippines, seeks review

of a final decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's ("IJ") denial of his request for a continuance

and protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252(a)(1), *see Garcia v. Lynch*, 798 F.3d 876, 879-81 (9th Cir. 2015), and deny the petition.

## 1. The Request for Continuance of Hearing

This Court reviews denials of requests for continuances of hearings for abuse of discretion and will overturn a denial only if the petitioner shows "clear abuse." *Id.* at 881 (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008)). "When reviewing an IJ's denial of a continuance, we consider several factors, including: (1) the nature of the evidence not obtained or admitted as a result of the denial of the continuance, (2) the reasonableness of the alien's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Id.* at 881 (citing *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009)).

Rillera had already requested and had received five continuances of hearings over the course of his removal proceedings, including three such continuances to prepare his CAT application. Rillera argues that the purpose of the latest continuance was to obtain further documentation in support of his claim that he will lack access to quality medical care in the Philippines. Because Rillera has not shown why the five earlier continuances were inadequate to obtain the records, there was no abuse of discretion and Rillera cannot show that he was prejudiced by the denial of the continuance.

## 2. CAT Relief

2

To qualify for CAT relief, an applicant must prove more likely than not that he will be tortured, by or with the consent or acquiescence of the government, if he returns to his native country. 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports a finding that Rillera will not suffer torture if returned to the Philippines. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (reviewing factual findings underlying the denial of CAT relief for substantial evidence).

Rillera's claim that he will lack access to the same quality of health care in the Philippines that he enjoys in the United States is no basis for CAT relief, as "inhumane conditions and lack of access to appropriate medical care do not, in and of themselves, constitute torture." *Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011).

Rillera also testified that, during a 2013 visit to the Philippines, his cousins received a note from a local tribe threatening Rillera. His cousins told him the threat was made because Rillera's uncle shot and killed two tribal members. Rillera's cousins had received similar threats. When Rillera went to the police, he was told there was nothing they could do. Because Rillera was not physically harmed during his 2013 trip, "unfulfilled threats" do not constitute torture, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), his family continues to live unharmed in the Philippines, and the government's failure to prevent crime does not "suffice to show acquiescence," *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), CAT relief was permissibly denied.

3

**PETITION DENIED.**