**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN BONILLA-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72183 <br><br> Agency No. A044-210-111 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2022[**]
Pasadena, California

Before: CLIFTON and M. SMITH, Circuit Judges, and S. MURPHY, III,[***]
District Judge.

Petitioner Ruben Bonilla-Hernandez sought review of a Board of

Immigration Appeals' ("BIA") decision to affirm an immigration judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

decision to deny a withholding of removal and Convention Against Torture ("CAT") protection. Petitioner also challenged the BIA's denial of his motion to reconsider the request to remand the proceedings. We reject Petitioner's arguments and deny the petition.

We have jurisdiction to review the BIA decision denying a withholding of removal based on our "on the merits" exception. *See, e.g.*, *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). The Government argued that the Supreme Court's statements in *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), and *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020), suggest that we lack jurisdiction to review factual challenges to certain removal orders and therefore the statements effectively overruled our "on the merits" exception. But a three-judge panel may only "reject [] prior circuit opinion[s] as having been effectively overruled" when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

Neither *Nasrallah* nor *Guerrero-Lasprilla* reviewed our "on the merits" exception. *Nasrallah* addressed "the narrow question" whether courts have jurisdiction to review factual challenges to a CAT order. 140 S. Ct. at 1688. And *Guerrero-Lasprilla* interpreted a phrase in 8 U.S.C. § 1252(a)(2)(D)—not whether § 1252(A)(2)(C) contains an exception for factual challenges to a denial of relief

2

on the merits. 140 S. Ct. at 1068. Although the dicta in *Nasrallah* and *Guerrero-Lasprilla* appear to cast doubt upon the "on the merits" exception, the Supreme Court's "passing comments do not" convince us that the exception is clearly irreconcilable with *Nasrallah* or *Guerrero-Lasprilla,* and so we maintain jurisdiction over the petition. *Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092, 1099 (9th Cir. 2022); *see also United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013) ("Strong signals aren't enough for a three-judge panel to overrule circuit precedent." (cleaned up)).

To obtain a withholding of removal, "[P]etitioner must show a 'clear probability' of the threat to life or freedom if deported to his or her country of nationality." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (citation omitted). A "clear probability" means "it is 'more likely than not' that the petitioner would be subject to persecution on account of one of the protected grounds." *Id.* (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987)). Substantial evidence supports the finding that Petitioner did not meet this standard.

First, Petitioner did not show he would suffer from persecution based on past persecution. Petitioner merely asserted that he received one threatening phone call in 2004 while he was living in the United States. Although "threats alone" may "constitute persecution," the threats must be "so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir.

2019) (citations omitted). Based on "all of the surrounding circumstances," the threat fails to rise to the level of persecution because it was not "repeated, specific[, or] 'combined with confrontation or other mistreatment.'" *Id.* (citations omitted).

Second, the possibility that Petitioner will suffer from future persecution because of Mexican corruption and cartel violence "is too speculative to be credited as a basis for fear of future persecution." *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *see also Sharma v. Garland*, 9 F.4th 1052, 1065–66 (9th Cir. 2021) (holding that a petitioner had only a speculative risk of future persecution if he was deported to his native country). Substantial evidence therefore supports the BIA order denying withholding of removal.

Next, we have jurisdiction to review factual challenges to CAT orders. *Nasrallah*, 140 S. Ct. at 1690. "We review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted). We will reverse the BIA's factual finding if "the evidence must compel a different conclusion." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). "[W]e review de novo both purely legal questions and mixed questions of law and fact." *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013) (italics and citation omitted). We affirm the BIA for two reasons.

4

One, neither the IJ nor the BIA ignored facts in the record to deny Petitioner's CAT claim. "[T]his court generally presumes that the BIA thoroughly consider[ed] all relevant evidence in the record." *Szonyi v. Whitaker*, 915 F.3d 1228, 1238-39 (9th Cir. 2019) (citations omitted). And Petitioner cited no evidence that the BIA or IJ ignored. Without a showing that the BIA or IJ skipped over evidence, no error occurred. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

Two, substantial evidence supports the CAT denial. Petitioner failed to show any "*particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (emphasis in original) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)). Neither Petitioner nor his family has received any threats since 2004, and Petitioner safely visited Mexico twelve years ago. Without more, Petitioner offered only generalized speculation that he may be targeted if he returns to Mexico. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020) (rejecting a challenge to a CAT denial because "speculation that the same individuals who targeted [petitioner's] family members in 1996 would target him now if he returned is insufficient").

Beyond that, Petitioner failed to identify "a public official or other person acting in an official capacity" who would inflict, instigate, consent, or allow any particularized torture to him. *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir.

5

2003) (citation omitted); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[T]here must be evidence that the police are unable or unwilling to oppose the crime."). Petitioner simply claimed that the Mexican law enforcement would not protect him because "they don't do anything." And the news articles reporting about general violence in Mexico that Petitioner submitted are also not enough to obtain CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime" in the country of removal is "insufficient."). For those reasons, substantial evidence supports the denial of CAT protection.

Last, we have jurisdiction to review the denial of the motion to reconsider because it "rests on a ground independent of the conviction that trigger[ed] the [§ 1252(a)(2)(C)] bar." *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). We review denials of motions for reconsideration for an abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

The BIA did not abuse its discretion when it denied Petitioner's motion to reconsider. In the motion, Petitioner sought to assert two new claims that his prior counsel had failed to address. Because Petitioner relied on ineffective assistance of counsel for the new claims, he must show that he suffered "substantial prejudice" from his counsel's alleged ineffectiveness. *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (quoting *Lara–Torres v. Ashcroft*, 383 F.3d 968, 973

6

(9th Cir. 2004)). Petitioner cannot show prejudice because the two claims are futile.

For the first claim, Petitioner could not establish eligibility for a withholding of removal based on membership in a particular social group of "Americanized Mexicans who have been deported." *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016); *Delgado-Ortiz*, 600 F.3d at 1151–52. And for the second claim, Petitioner offered no evidence that his unknown persecutors sought to persecute him because of his political opposition to the cartels. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021) (explaining that persecution because of a political opinion may be shown through direct or indirect evidence). The BIA therefore did not abuse its discretion when it denied the motion to reconsider.

The petition is **DENIED** and the motion for a stay of removal (Docket Entry 1) is **DENIED AS MOOT**. The temporary stay of removal will remain intact until the mandate issues.