NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA MACIAS CERVANTES, | No. 17-70350 |
| Petitioner, | Agency No. A208-418-187 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 5, 2022[**]
Portland, Oregon

Before: WATFORD, R. NELSON, and LEE, Circuit Judges.

Sandra Macias Cervantes, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We review the BIA's denial of asylum, withholding of removal, and relief under CAT for substantial evidence. *Reyes v. Lynch*, 842 F.3d 1125, 1137, 1140 (9th Cir. 2016); *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). We review the denial of a motion for continuance for abuse of discretion. *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

1.  Substantial evidence supports the BIA's conclusion that Macias Cervantes's claimed social group lacks particularity and social distinction. Macias Cervantes claimed that she is threatened on account of her membership in a particular social group: "individuals who refuse to submit to the demands of the Caballeros Templarios cartel." This claimed group is too amorphous and there is no "evidence that members of the proposed group would be perceived as a group by society." *Reyes*, 842 F.3d at 1135–36 (quoting *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088–89 (9th Cir. 2013) (en banc)). Macias Cervantes's group would include people of all ages and genders, with no other limitations by geography or background. We have previously rejected groups that were more precisely defined. *See, e.g.*, *Ramos-Lopez v. Holder*, 563 F.3d 855, 856 (9th Cir. 2009) (rejecting a proposed social group of "young Honduran men who have been recruited by the MS-13, but who refuse to join").

2

Additionally, the BIA properly applied the social distinction standard to Macias Cervantes's proposed social group. It specifically used the phrase "social distinction" when conducting its analysis. And it quoted language suggesting that on-sight visibility was not necessary: "the society in question need not be able to easily identify who is a member of the group."

2.      Macias Cervantes failed to exhaust her CAT claim before the BIA. The IJ determined that Macias Cervantes could relocate to avoid the risk of torture, but Macias Cervantes did not challenge that determination before the BIA. To properly bring an argument before this court on appeal, a petitioner must first raise the issue before the agency. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (citing 8 U.S.C. § 1252(d)(1)). Therefore, we lack jurisdiction to consider this issue.

3.      The IJ did not abuse its discretion in denying Macias Cervantes's motion for continuance. Regulations permit an IJ to "grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. This decision is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (quoting *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991)). Macias Cervantes has repeatedly failed to identify the evidence she would obtain if granted a continuance. And the IJ previously granted a continuance to her. It was not an abuse of discretion to deny a subsequent continuance.

3

Nor was she denied due process by the IJ's denial of her motion. "To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice." *Lata v. I-N-S-*, 204 F.3d 1241, 1246 (9th Cir. 2000) (citing *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994)). "A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings." *Id.* But because Macias Cervantes did not or cannot identify any evidence that she would have obtained had she been granted a continuance, she cannot show prejudice. The outcome cannot be affected by unknown evidence.

**PETITION DISMISSED IN PART, DENIED IN PART.**