**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMAN AKOPOVICH KHALULYAN,
AKA Armen Khalulyan,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70909

Agency No. A071-083-833

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 27, 2023
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Arman Khalulyan petitions for review of a Board of Immigration Appeals

(BIA) decision dismissing his appeal of an Immigration Judge (IJ) order finding him

removable and denying his requests for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).  He also claims that the

BIA erred in affirming the IJ's denial of his motion for continuance and his related

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

motion for reconsideration.

In a published opinion issued concurrently with this memorandum disposition, we hold that Khalulyan's conviction under 18 U.S.C. § 1029(b)(2) qualifies as an "aggravated felony." Under the criminal alien review bar, we therefore lack jurisdiction to review the BIA's "final order of removal." 8 U.S.C. § 1252(a)(2)(C). The denial of an application for statutory withholding is part of a "final order of removal," so § 1252(a)(2)(C) strips our jurisdiction to review the agency's denial of withholding of removal under 8 U.S.C. § 1231(b)(3)(A) absent a colorable legal or constitutional challenge. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). We retain jurisdiction under 8 U.S.C. § 1252 to review the agency's other determinations, including the denial of CAT protection. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020) ("[T]he Board's ruling on a CAT claim . . . does not merge into the final order of removal.").

1. The BIA did not abuse its discretion in adopting the IJ's finding that Khalulyan committed a particularly serious crime, which made Khalulyan ineligible for statutory withholding of removal and withholding of removal under the CAT. *See Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (standard of review). When, as here, the petitioner was not convicted of a per se particularly serious crime (which requires a 5-year sentence), *see* 8 U.S.C. § 1231(b)(3)(B), whether a particular offense is a "particularly serious crime" depends on the facts and circumstances.

*Konou v. Holder*, 750 F.3d 1120, 1126–27 (9th Cir. 2014). Our review of the agency's decision "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quotations omitted). "We may not reweigh the evidence and reach our own determination about the crime's seriousness." *Id.*

Here, the agency properly considered "the nature of the conviction, the circumstances and underlying facts of the conviction, and the type of sentence imposed." *Konou*, 750 F.3d at 1127. The agency could properly consider Khalulyan's sentencing enhancement in its particularly serious crime determination. *See id.* at 1128. The agency balanced the nature of the credit card scheme, the time and planning that it took to carry out the scheme, and Khalulyan's role in it. The agency's analysis was not "arbitrar[y], irrational[], or contrary to law," and thus was not an abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (quotation omitted). Nor does Khalulyan raise any colorable constitutional challenge or question of law. *See* 8 U.S.C. § 1252(a)(2)(D).

2. The IJ did not violate due process or abuse her discretion by denying the motion to continue. We review due process claims de novo, *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 (9th Cir. 2022), and challenges to the denial of a motion to continue for abuse of discretion, *see Garcia v. Lynch*, 798 F.3d 876, 881

(9th Cir. 2015). "The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Id.* (quotations omitted).

Here, the IJ held a hearing on the motion to continue and considered the relevant factors. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009) (identifying factors to consider for a motion to continue). Most prominently, the IJ found that a visa was not scheduled to be available for another seven years, rendering speculative Khalulyan's likelihood of obtaining adjustment of status during the requested three-month continuance. In denying reconsideration, the IJ also reasonably concluded that Khalulyan, based on his criminal history, was unlikely to receive adjustment of status even if his visa petition was approved during the period of any continuance. The denial of the motion to continue was not a due process violation or a "clear abuse" of discretion. *Garcia*, 798 F.3d at 881. Nor was there any abuse of discretion in denying Khalulyan's motion to reconsider the denial of the motion for continuance. *See Lona v. Barr,* 958 F.3d 1225, 1229 (9th Cir. 2020) (standard of review).

3. Khalulyan failed to exhaust his remaining claims. He did not argue before the agency that any deficiency in his notice to appear deprived the agency of jurisdiction over his removal proceedings. Regardless, this claim is foreclosed by precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir.

4

2022) (en banc); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019). Khalulyan similarly failed to raise before the BIA any challenge to the IJ's finding that he had not shown a well-founded fear of persecution based on a protected ground or a likelihood of torture, and that he therefore was ineligible for asylum, withholding of removal, or CAT protection. Because these claims are unexhausted, we lack jurisdiction to review them. *See* 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (per curiam).

For these reasons, and the reasons set forth in our accompanying opinion, the petition for review is

**DISMISSED IN PART AND DENIED IN PART.**