**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCISCO GARDEA CERECERES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

No. 22-134

Agency No.
A215-648-966

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Francisco Gardea Cereceres, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") removal order denying him a continuance to seek post-conviction relief. We have jurisdiction under 8 U.S.C. § 1252. To the extent that the BIA incorporated the IJ's reasoning, we review

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

both decisions. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). Because the parties are familiar with the factual background, we need not recount it here. We deny the petition.

An IJ may, in its discretion, "grant a motion for continuance for good cause shown." *See* 8 C.F.R. § 1003.29; *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (the decision to grant or deny the continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse" (citation omitted)). The decision requires weighing several factors, if relevant. *See Ahmed*, 569 F.3d at 1012 (setting out the factors to consider in a good-cause analysis); *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 406 (A.G. 2018) (the most important factor is "the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings").

The agency did not abuse its discretion in denying Gardea Cereceres's motion to continue. Gardea Cereceres's conviction was final for immigration purposes. Gardea Cereceres neither provided evidence of the basis of his post-conviction relief petition nor updated the agency on the progress of that petition. Post-conviction relief was therefore merely a speculative possibility. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). Even if the IJ erred by failing to consider the short procedural history of Gardea Cereceres' case, *see*

2

*Matter of L-A-B-R-*, 27 I. & N. Dec. at 415, the BIA acknowledged the relevance of that history before concluding de novo that the relevant factors, considered together, did not establish good cause. *See Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) ("Where the BIA conducts a de novo review, any error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard." (citation omitted) (cleaned up)). Without legal error or clear and convincing evidence demonstrating good cause, it was well within the IJ's discretion to deny the requested continuance.

**PETITION DENIED.**