NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALBERTO LAGUNAS-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1674<br><br>Agency No.<br>A088-477-448<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023**
Portland, Oregon

Before: KOH and SUNG, Circuit Judges, and EZRA, District Judge.***

Alberto Lagunas-Hernandez, a Mexican citizen, petitions for review of the

Board of Immigration Appeals' (BIA) dismissal of his appeal. The BIA dismissed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Lagunas-Hernandez's appeal of the Immigration Judge's (IJ) decision denying Lagunas-Hernandez's applications for (1) cancellation of removal for non-permanent residents, (2) asylum, (3) withholding of removal, and (4) protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the parties are familiar with the facts, we do not restate them here. For the reasons stated below, we deny the petition.

We review questions of law de novo and the agency's factual findings for substantial evidence. *See Vilchez v. Holder*, 682 F.3d 1195, 1198–99 (9th Cir. 2012). When, as here, the BIA adopts an IJ decision, cites *Matter of Burbano*, 20 I.&N. Dec. 872 (BIA 1994), and expresses no disagreement with the IJ decision, "the BIA adopts the IJ's decision in its entirety." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

1.      Lagunas-Hernandez concedes that he lacks a qualifying relative for his cancellation application. *See* 8 U.S.C. § 1229b(b)(1) (requiring applicant to show hardship to a U.S. citizen "spouse, parent, or child"). He argues instead that the IJ abused her discretion when she denied additional continuances for him to finalize the adoption of his U.S. citizen grandson, such that he could submit the cancellation application based on the relationship created by the adoption. We disagree. "The decision to grant or deny a continuance is in the sound discretion of the [immigration] judge and will not be overturned except on a showing of clear

2

abuse." *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (cleaned up). Here, the IJ granted multiple continuances for Lagunas-Hernandez to complete his applications for relief, and eventually denied the cancellation application. On these facts, the IJ committed no clear abuse in denying another continuance.[1]

2. Lagunas-Hernandez also challenges the IJ's denial of his late-filed asylum application. The IJ found that the application was untimely, but even if it had been timely, Lagunas-Hernandez could not show "a well-founded fear of persecution on account of [a protected ground]." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). The IJ found Lagunas-Hernandez presented no evidence that he suffered past persecution, or that he would suffer persecution on account of a protected ground. We agree that substantial evidence supports these findings. Lagunas-Hernandez credibly testified that his family members have suffered horrific violence. However, Lagunas-Hernandez presents no evidence that his proposed particular social group, "repatriated Mexican aliens whom [sic] are routinely targeted by drug cartels and held for extortion of money," is distinguishable or socially cognizable. *See also*

---

[1] The government argues we lack jurisdiction to address any challenges to cancellation eligibility on account of 8 U.S.C. § 1252(a)(2)(B). However, Lagunas-Hernandez challenges the denial of the continuances, not eligibility for cancellation. This Court has held that challenges to continuances are not covered by § 1252(a)(2)(B). *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008).

*Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (denying similarly-defined social group where petitioner presented insufficient evidence the group was "narrowly defined or cognizable"). Thus, substantial evidence shows no nexus between the violence alleged, Lagunas-Hernandez, and a protected ground.

3. Lagunas-Hernandez's withholding application fails for similar reasons. Substantial evidence does not support a finding of clear probability that Lagunas-Hernandez would be persecuted on account of a protected ground. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) (where petitioner "has not met the lesser burden of establishing his eligibility for asylum, he necessarily has failed to meet the more stringent clear probability burden required for withholding of removal" (cleaned up)).

4. Finally, substantial evidence also supports a denial of CAT protection. "CAT protection cannot be granted unless an applicant shows a likelihood of torture that 'is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity.'" *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (quoting 8 C.F.R. § 208.18). Lagunas-Hernandez has not made that showing here. Despite the awful events Lagunas-Hernandez's family has endured, substantial evidence shows these incidents were not inflicted "by or at the instigation of or with the consent or acquiescence of" a state actor. *Id.*

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied.