**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO RODRIGUEZ-GARCIA, AKA
Carlos A. Contreras, AKA Pedro Garcia,
AKA Pedro Rodriguez, AKA Pedro
Rodriguez Garcia,

No.    14-72599

Agency No. A079-768-854

Petitioner,

MEMORANDUM*

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Pedro Rodriguez-Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"), and denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review for abuse of discretion the denial of a continuance, *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015). We deny the petition for review.

Rodriguez-Garcia does not challenge the agency's dispositive finding that he failed to establish he qualified for an exception excusing his untimely filed asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny the petition for review as to Rodriguez-Garcia's asylum claim.

Substantial evidence supports the BIA's determination that Rodriguez-Garcia failed to establish a fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated

by theft or random violence by gang members bears no nexus to a protected ground."). Thus, we deny the petition for review as to Rodriguez-Garcia's withholding of removal claim. *See Zetino*, 622 F.3d at 1015-16.

Substantial evidence also supports the agency's denial of Rodriguez-Garcia's CAT claim because he has not shown it is more likely than not he would be tortured by the government of Mexico or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

Finally, the agency did not abuse its discretion in concluding that Rodriguez-Garcia failed to establish good cause for a continuance to seek post-conviction relief. *See* 8 C.F.R. § 1003.29; *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (the denial of a continuance was within the agency's discretion where relief was not immediately available to the petitioner). We reject Rodriguez-Garcia's contention that the agency's analysis was deficient.

**PETITION FOR REVIEW DENIED.**