**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO RODRIGUEZ-GARCIA, | No. 23-1853 |
| Petitioner, | Agency No. A079-768-854 |
| v. | |
| PAMELA BONDI, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.***

Petitioner Pedro Rodriguez-Garcia, a native and citizen of Mexico born

March 6, 1965, petitions for review of the Board of Immigration Appeals' ("BIA")

denial of his motion to reopen removal proceedings. The motion to reopen—his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States Senior District Judge
for the District of Maryland, sitting by designation.

second[1]—requested that the BIA "reopen his Removal Proceedings *sua sponte* based on the fact that his [1991 Washington state conviction for cocaine possession] which precluded his request for [cancellation of removal] has now been vacated," and also claimed that he was "now eligible for voluntary departure." In denying the motion, the BIA reasoned that Rodriguez-Garcia had not established that he was prima facie eligible for cancellation of removal because he "ha[d] not established that he has a qualifying relative." Rodriguez-Garcia does not meaningfully challenge the BIA's finding that he lacked a qualifying relative and thus was not eligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the BIA's denial of *sua sponte* reopening only for legal or constitutional error. *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). We **DENY** the petition.

Rodriguez-Garcia entered the United States in January 1989, without admission or parole. In March 2003, Rodriguez-Garcia was removed from the United States, although he reentered the United States, again without admission or parole, within days of his removal.

In March 2010, DHS served Rodriguez-Garcia with a Notice to Appear,

---

[1] In August 2018, Rodriguez-Garcia filed a motion to reopen and reconsider and terminate proceedings for lack of jurisdiction in light of the Supreme Court's decision in *Pereira v. Sessions*, 585 U.S. 198 (2018]. On June 19, 2019, the BIA denied that motion, and on July 1, 2021, this Court denied Rodriguez-Garcia's subsequent petition for review. *Rodriguez-Garcia v. Garland*, 851 F. App'x 800 (9th Cir. 2021).

which charged him as removable from the United States on two grounds: pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without admission or parole; and pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II), as a noncitizen convicted of, or who admits having committed, a controlled substance violation, based on a 1991 conviction for the offense of unlawful possession of cocaine, in violation of WASH. REV. CODE § 69.50.401(d).

On October 23, 2012, the Immigration Judge ("IJ") denied Rodriguez-Garcia's application for cancellation of removal, concluding that the 1991 Washington state conviction for cocaine possession constituted an offense described under § 1182(a)(2), and that Rodriguez-Garcia was statutorily ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C). Rodriguez-Garcia was ordered removed to Mexico. The BIA dismissed his subsequent appeal on July 25, 2014, and this Court denied his petition for review on August 23, 2016. *Rodriguez-Garcia v. Lynch*, 668 F. App'x 305 (9th Cir. 2016).

On February 25, 2021, the Supreme Court of Washington decided in *State v. Blake*, 481 P.3d 521 (Wash. 2021) that Washington's law criminalizing drug possession—WASH. REV. CODE § 69.50.401—was unconstitutional and void. *Id*. at 534. As a result, on December 2, 2021, Rodriguez-Garcia's 1991 conviction for cocaine possession was vacated.

On April 4, 2022, Rodriguez-Garcia through counsel moved for *sua sponte*

reopening of his removal proceedings. Therein, he requested that the BIA "reopen his Removal Proceedings *sua sponte* based on the fact that his [1991 Washington state conviction for cocaine possession] which precluded his request for [cancellation of removal] has now been vacated." He further claimed that he was "now eligible for voluntary departure." In denying the motion, the BIA reasoned that Rodriguez-Garcia had not established that he was prima facie eligible for cancellation of removal, because he "ha[d] not established that he has a qualifying relative." On appeal, Rodriguez-Garcia does not meaningfully challenge the BIA's finding that he lacked a qualifying relative and thus was not eligible for cancellation of removal but rather contends that the BIA erred in not applying equitable tolling and in failing to address his request for voluntary departure.

1. Rodriguez-Garcia's primary argument on appeal is that the BIA erred by not equitably tolling the 90-day deadline for statutory motions to reopen on the grounds that a vacated conviction requires this reopening. A motion to reopen must generally be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). "A petitioner may receive equitable tolling when 'some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing,' and he acted with 'due diligence' in pursuing his rights." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (quoting *Lona*, 958 F.3d at 1230–32). When equitable tolling is unavailable, the BIA may, in its discretion, exercise its *sua*

*sponte* authority to "reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a).

Here, the issue of equitable tolling is unexhausted. The exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claims-processing rule. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). Although "it is subject to waiver and forfeiture," *id*. at 423, "[a] claim-processing rule [is] 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it," *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 549 (2019) (citation omitted).

"To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004)). "A noncitizen need not raise a 'precise argument' before the BIA in order to exhaust it, so long as the noncitizen gives the BIA 'an adequate opportunity to pass on the issue.'" *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023) (quoting *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 960 (9th Cir. 2018)).

The simple fact is that Rodriguez-Gonzalez never raised the issue of equitable tolling—or statutory reopening—to the BIA. Throughout his April 2022 motion to reopen removal proceedings, he explicitly and exclusively requested that the BIA

reopen his removal proceedings pursuant to its *sua sponte* authority. Because the BIA has not had opportunity to pass on the issue of equitable tolling, this issue is unexhausted.

2. In order for an individual to obtain *sua sponte* relief under 8 C.F.R. § 1003.2(a), "the Board 'must be persuaded that the respondent's situation is truly exceptional before [it] will intervene.'" *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (quoting *In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999)). More generally, the "BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief." *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) (citing *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010)). We first consider whether Rodriguez-Garcia demonstrated that he was eligible for cancellation of removal before turning to voluntary departure.

To qualify for cancellation of removal, an applicant must show, among other elements, that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. 8 U.S.C. § 1229b(b)(1)(D). Of relevance here, 8 U.S.C. § 1101(b)(1) defines a "child" as "an unmarried person under [21] years of age." The supporting documents attached to Rodriguez-Garcia's motion to reopen show that he was unmarried, that his parents resided in Mexico, and that his three children were all over the age of twenty-one. Accordingly,

Rodriguez-Garcia failed to show prima facie eligibility for cancellation of removal, and the BIA did not err in denying his motion to reopen on this ground.

Like cancellation of removal, voluntary departure is a discretionary form of relief. 8 U.S.C. § 1229c; *see Santos-Zacaria*, 598 U.S. at 426. A petitioner can seek pre- or post-conclusion voluntary departure, with the latter requiring some threshold eligibility showings that pre-conclusion voluntary departure does not. 8 U.S.C. § 1229c(a)(1), (b)(1). Namely, before an IJ enters an order granting voluntary departure after the conclusion of removal proceedings, the IJ must find that the noncitizen: (A) "has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a);" (B) "is, and has been, a person of good moral character for at least 5 years immediately preceding" the application for voluntary departure; (C) "is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4);" and (D) has established by clear and convincing evidence that he or she "has the means to depart the United States and intends to do so." *Id*. § 1229c(b)(1).

Rodriguez-Garcia's motion to reopen and the attachments focused exclusively on cancellation of removal, outside of two undeveloped and unsupported claims that he was "also eligible for voluntary departure," and a seemingly erroneous citation to 8 U.S.C. § 1229c(b)(1). Because he failed to exhaust his claim below and the Government properly raised this "claim-processing rule," his voluntary departure

claim is unreviewable. Rodriguez-Garcia satisfies the physical presence requirement, as he last reentered the United States shortly after he was previously removed on March 11, 2003, and DHS served him with a Notice to Appear on March 15, 2010. However, his motion makes no attempt to allege facts to satisfy all elements of voluntary departure eligibility—namely, his good moral character and his means and intent to depart the United States.

**PETITION DENIED.**