NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANESSA JAMIL RODAS MEJIA; ALEJANDRO ENRIQUE RODAS MEJIA, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 21-1343; No. 24-6932 Agency Nos. A208-381-860 A208-381-862 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 19, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.**

Vanessa Rodas Mejia and her son, Alejandro Rodas Mejia, petition for review

of the Bureau of Immigration Appeals' ("BIA") decision affirming the denial of

asylum, withholding of removal, and CAT protection, and the denial of a motion to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

reopen proceedings. The immigration judge (IJ) had jurisdiction under 8 U.S.C. § 1229a(a)(1), the BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.[1]

We review factual findings for substantial evidence, *Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), the denial of a continuance for abuse of discretion, *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015), and the denial of a motion to reopen for abuse of discretion, *Yuzi Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021).

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Rodas Mejia did not demonstrate that any harm she suffered had a nexus to a protected ground. 8 U.S.C. § 1101(a)(42)(A). Rodas Mejia's claimed group (Salvadorans who have lived in the US and will be targeted by gangs upon return) is not a cognizable social group for asylum purposes. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019). And although Rodas Mejia alleges that she may suffer harassment because she is female, harassment is not persecution and will not justify asylum or withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

Substantial evidence also supports the BIA's denial of CAT protection. Rodas

---

[1] Because her son's petition is derivative of her own, we focus on Vanessa Rodas Mejia's petition.

Mejia presented evidence of potential gang violence by private actors. But eligibility for CAT protection requires evidence of torture "inflicted by, or at the instigation of, or with the consent or acquiescence of" the government. 8 C.F.R. § 1208.18(a)(1); *see* 8 C.F.R. § 1208.16(c)(2). Because evidence of violence by private parties, without more, does not meet this definition, denying CAT protection was reasonable.

2. Rodas Mejia also argues that the immigration judge ("IJ") abused his discretion by denying her request for a continuance of her merits hearing. But the IJ, despite denying a formal continuance, granted Rodas Mejia an additional ten days to submit evidence. And Rodas Mejia had nearly three years between when her hearing was scheduled and when it was held. In these circumstances, we can't say that the IJ's decision was the "clear abuse" we require before disturbing a decision left to the IJ's sound discretion. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008).

3. The BIA's refusal to equitably toll the deadline to file a motion to reopen proceedings was similarly not an abuse of discretion. Rodas Mejia asserts that she is entitled to equitable tolling based on ineffective assistance of counsel. Equitable tolling on these grounds is only available if "the petitioner acts with due diligence in discovering" the counsel's error. *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022) (simplified). Due diligence requires reasonable investigation. *Id.*

Rodas Mejia claims she only became aware of her counsel's ineffectiveness in 2024. But she knew in 2019 that her brother had been granted asylum "based on an application alleging similar past harm" to her own. Because both applications alleged similar harm but had different results, she was on notice that something was wrong back in 2019. And yet, as the BIA found, she did not "articulate what steps, if any, she took to investigate the alleged errors during the minimum 5-year period" between her being put on notice and filing the motion to reopen. Failure to investigate the reason for the different outcomes for five years is not "due diligence in discovering" counsel's error. *Perez-Camacho*, 54 F.4th at 606. The BIA did not abuse its discretion when it refused to equitably toll the deadline.

**PETITION DENIED**